People v Mills (2020 NY Slip Op 01644)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Mills

2020 NY Slip Op 01644

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-00104
(Ind. No. 16-00076)

[*1]The People of the State of New York, respondent,
vKarmel Mills, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Christine DiSalvo of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered November 30, 2017, convicting him of murder in the second degree, burglary in the first degree, and strangulation in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The determination of a motion to withdraw a plea of guilty rests within the sound discretion of the motion court, and that determination generally will not be disturbed absent an improvident exercise of discretion (see People v Walker, 169 AD3d 723; People v King, 115 AD3d 986, 986). "Generally, a plea of guilty may not be withdrawn absent some evidence or claim of innocence, fraud, or mistake in its inducement" (People v DeLeon, 40 AD3d 1008, 1009). "Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused'" (People v Garcia, 92 NY2d 869, 870, quoting People v Hidalgo, 91 NY2d 733, 736).
We agree with the Supreme Court's determination denying the defendant's motion to withdraw his plea of guilty. During the plea allocution, the defendant indicated that he had enough time to consult with his attorney and that he entered the plea freely and voluntarily. Contrary to the defendant's contention, the court made clear that the defendant was pleading guilty to murder in the second degree, and not manslaughter. Accordingly, the plea of guilty to the crime of murder in the second degree was knowingly, voluntarily, and intelligently entered (see People v Duart, 144 AD3d 1173). There is no merit to the defendant's contention that he was pressured into accepting the plea (see People v Sparbanie, 158 AD3d 942, 944; People v Palmer, 174 AD3d 1118).
The defendant's contention that his plea of guilty was involuntary because the Supreme Court erroneously refused to assign him new counsel is contradicted by his statements made during the plea proceeding that he was satisfied with counsel's representation (see People v Trimble, 137 AD3d 1309; People v Bennett, 115 AD3d 973; People v Howard, 109 AD3d 487, 488). To the extent that the defendant contends that he received ineffective assistance of counsel with respect to the negotiation of the plea, the record reveals that he received an advantageous plea, and [*2]nothing in the record casts doubt upon the apparent effectiveness of counsel (see People v Henry, 95 NY2d 563, 566; People v Yarborough, 83 AD3d 875, 875).
The defendant's remaining contentions were not raised in his motion to withdraw his plea of guilty and, therefore, are not preserved for appellate review (see People v Stutzman, 158 AD3d 1294, 1295; People v Miller, 1 AD3d 613, 613). In any event, there is no merit to the defendant's contention that the allocution as to the burglary count was factually deficient, or that the Supreme Court failed to conduct an adequate inquiry into a potential justification defense to the count of murder in the second degree (see People v Lopez, 71 NY2d 662, 667; People v Sierra, 256 AD2d 598, 599; cf. People v Riley, 91 AD2d 671). There was nothing in the plea proceedings that triggered the court's duty to inquire into a potential justification defense (see People v Colemanorange, 151 AD3d 738). Further, the defendant's postplea assertions regarding a justification defense contradicted the admissions he made under oath at his plea allocution and were insufficient to warrant withdrawal of his plea (see People v Glusko, 114 AD3d 701; People v Delarosa, 104 AD3d 956; People v Dazzo, 92 AD3d 796, 796).
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court