People v Walters (2020 NY Slip Op 02813)





People v Walters


2020 NY Slip Op 02813


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-11193
 (Ind. No. 15-00388)

[*1]The People of the State of New York, respondent,
v
Tomaye Walters, appellant.


Howard Greenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered October 4, 2017, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On appeal, the defendant contends that the County Court erred in denying his motion to withdraw his plea of guilty on the ground that it was not knowing, voluntary, and intelligent, and that his counsel's ineffective assistance affected the voluntariness of his plea. Since these issues would survive a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Carpio, 171 AD3d 1206, 1206; People v Contreras, 170 AD3d 1034, 1035), we do not consider the validity of the defendant's purported appeal waiver (see People v Dunkley, 177 AD3d 767, 767; People v Manzanales, 170 AD3d 752, 753).
A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Seeber, 4 NY3d 780; People v Najera, 170 AD3d 753, 754). Here, the record supports the County Court's determination that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543). The defendant's postplea assertions that he was innocent and was coerced into pleading guilty contradicted the admissions he made under oath at his plea allocution and were insufficient to warrant granting his motion to withdraw his plea (see People v Stephensbush, 172 AD3d 1108, 1109; People v Smith, 148 AD3d 939, 940).
The defendant's claim of ineffective assistance of counsel cannot be reviewed on direct appeal because it is based on matters outside the record on appeal (see People v Shabazz, 174 AD3d 824, 825; People v Stevens, 162 AD3d 1077, 1078). The appropriate vehicle for asserting a claim of ineffective assistance of counsel grounded in allegations referring to facts outside the record is a motion pursuant to CPL 440.10, where matters dehors the record may be considered (see People v Avilacruz, 172 AD3d 1398, 1399; People v Rohlehr, 87 AD3d 603, 604).
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court