People v Cardwell (2020 NY Slip Op 06283)





People v Cardwell


2020 NY Slip Op 06283


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2019-09020
 (Ind. No. 1890/17)

[*1]The People of the State of New York, respondent,
v
Kamel Cardwell, appellant. Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Hannah X. Scotti of counsel; Yvonne Zhu on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry A. Schwartz, J.), imposed March 22, 2019, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid. "The mere explanation of the right to appeal and the consequences of a waiver, without an affirmative response from the defendant that he or she understands the rights as explained, is insufficient to effect a valid waiver" (People v Dubose, 176 AD3d 858, 859; see People v Bradshaw, 18 NY3d 257, 265-266; People v Brown, 122 AD3d 133, 145). Under the circumstances of this case, the defendant's execution of a written waiver of the right to appeal form does not cure the deficient oral colloquy (see People v Dubose, 176 AD3d at 859; People v Brown, 122 AD3d at 138-139). Thus, the purported waiver does not preclude appellate review of the defendant's contention that the sentence imposed was excessive.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court