People v Potter (2021 NY Slip Op 01071)





People v Potter


2021 NY Slip Op 01071


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-08321
 (Ind. No. 766/18)

[*1]The People of the State of New York, respondent,
v
Lourriston Potter, appellant. Philip H. Schnabel, Chester, NY, for appellant.


David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered June 13, 2019, convicting him of criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree following an incident during which he was found to be in possession of cocaine. As part of the plea agreement, the defendant waived his right to appeal. The defendant appeals from the judgment of conviction.
As the defendant's challenge to the voluntariness of his plea survives even a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Ross, 172 AD3d 1409, 1410), we need not determine whether the defendant's waiver of the right to appeal was invalid (see People v Ross, 172 AD3d at 1410).
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered because he was required to give up his right to appeal as a condition of his plea is without merit. "A defendant may waive the right to appeal as part of a bargained-for plea agreement" (People v Kemp, 94 NY2d 831, 833). Moreover, in light of the defendant's extensive prior experience with the criminal justice system, the rationality of the plea, and the other assurances of voluntariness provided on the record, the record demonstrates that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Jackson, 114 AD3d 807, 808). The defendant acknowledged, inter alia, that he understood the acts he was being charged with; he did not need additional time to discuss the elements of the offenses or possible defenses with counsel; he was satisfied with his legal representation; he was not under the influence of any alcohol or drugs that would affect his ability to knowingly participate in the proceedings; he understood the rights he was forfeiting by pleading guilty; no one forced, threatened, or coerced him to plead guilty against his will; and he was pleading guilty voluntarily.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court