People v Smith (2021 NY Slip Op 02182)





People v Smith


2021 NY Slip Op 02182


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-03761
 (Ind. No. 646/18)

[*1]The People of the State of New York, respondent,
v
Steven Smith, appellant.


Del Atwell, East Hampton, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan, Marion Tang, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered March 26, 2019, convicting him of burglary in the first degree (nine counts), burglary in the second degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements.
ORDERED that the judgment is affirmed.
On March 22, 2017, the defendant and three others, armed with three guns and a crowbar, entered a private home and attempted to rob the occupants. Following a jury trial, the defendant was convicted of burglary in the first degree (nine counts), burglary in the second degree, and conspiracy in the fourth degree.
The defendant waived his contention that he was denied the right to testify before the grand jury by failing to move to dismiss the indictment within five days after his arraignment thereon (see CPL 190.50[5][c]; People v Reeves, 180 AD3d 936, 938).
On a motion to suppress a statement on the ground that it was involuntarily made, the People bear the burden of proving voluntariness beyond a reasonable doubt (see People v Thomas, 22 NY3d 629, 641). "To do that, they must show that the statements were not products of coercion, either physical or psychological" (id. at 641). The defendant contends that he was deceived by his coconspirator Kayla Miller, who was acting as an agent of the police, into making incriminating statements. However, "not all deception of a suspect is coercive" (id. at 642). Rather, where deception has been employed, the People must prove, under the totality of the circumstances—including the means employed and the vulnerability of the defendant—that the defendant's statements were the product of the defendant's own choice, or, put otherwise, that his or her will was not overborne (see id. at 641-642). Here, Miller did not coerce the defendant into talking with her, nor did she engage in any behavior that might have "overborne" the defendant's will (People v Black, 172 AD3d 895, 896 [internal quotation marks omitted]).
The defendant's contention that the evidence was not legally sufficient to support his [*2]convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court providently exercised its discretion in precluding him from cross-examining the complainant regarding the passcode to the complainant's iPad, as the passcode had no probative value on any material issue (see People v Innab, 182 AD3d 142, 146-147).
The defendant's contention that the County Court erred by not including an expanded interested witness charge in its instructions to the jury is unpreserved for appellate review (see CPL 470.05[2]). In any event, the charge as given was appropriate (see People v Alisuarez, 186 AD3d 1391, 1391).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court