People v Rose (2021 NY Slip Op 02318)





People v Rose


2021 NY Slip Op 02318


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-01068
 (Ind. No. 1379/15)

[*1]The People of the State of New York, respondent,
v
Winston S. Rose, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered December 9, 2016, convicting him of criminal sale of a controlled substance in the third degree and conspiracy in the second degree, upon his plea of guilty, and imposing sentence. By decision and order of this Court dated July 17, 2019, the matter was remitted to the County Court, Suffolk County, for further proceedings on the defendant's application to withdraw his plea of guilty, for which the defendant was to be appointed new counsel, and thereafter for a report to this Court limited to the County Court's findings with respect to whether the defendant established entitlement to withdrawal of his plea. The appeal was held in abeyance pending receipt of the County Court's report. The County Court has now filed its report.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to criminal sale of a controlled substance in the third degree and conspiracy in the second degree. At sentencing, the defendant made a pro se oral application to withdraw his plea of guilty. Defense counsel took a position adverse to the defendant and the County Court denied the defendant's application to withdraw his plea. The defendant appealed from the ensuing judgment of conviction. In a decision and order dated July 17, 2019, this Court determined that the defendant's right to counsel was adversely affected when his attorney took a position adverse to him with respect to his application. This Court remitted the matter to the County Court, Suffolk County, for further proceedings on the defendant's application to withdraw his plea of guilty, for which the defendant was to be appointed new counsel, and thereafter a report to this Court limited to the County Court's findings with respect to whether the defendant established entitlement to withdrawal of his plea. The appeal was held in abeyance pending receipt of the County Court's report.
The County Court now reports that new counsel was appointed, and that a hearing was held on December 17, 2019, at which time the defendant, through counsel, renewed his application to withdraw his plea, asserting that he was denied effective assistance of plea counsel and that his plea was not voluntarily made in that it was connected to the plea of his co-defendant father. The court found that the defendant failed to establish his entitlement to withdrawal of his plea.
The defendant's purported waiver of his right to appeal was invalid. The County Court's terse colloquy did not adequately advise the defendant of the nature of the right to appeal and the consequences of waiving that right (see People v Alston, 163 AD3d 843; People v Etienne, 152 AD3d 790, 790). Further, the court mischaracterized the nature of the right to appeal by stating that, by waiving his right to appeal, once the defendant was sentenced the case was "closed for good" (see People v Thomas, 34 NY3d 545; People v Underwood; 187 AD3d 1221).
The County Court providently exercised its discretion in denying the defendant's application to withdraw his plea of guilty. Contrary to the defendant's contention, the fact that his plea offer was connected to the disposition of his co-defendant father's case did not render his plea inherently coercive. "[S]o long as the plea agreement is voluntarily, knowingly and intelligently made, the fact that it is linked to the prosecutor's acceptance of a plea bargain favorable to a third person does not, by itself, make defendant's plea illegal" (People v Fiumefreddo, 82 NY2d 536, 544). "[W]hile a connected plea entailing benefit to a third person can place pressure on a defendant, the inclusion of a third-party benefit in a plea bargain is simply one factor for a [trial] court to weigh in making the overall determination whether the plea is voluntarily entered" (id. at 545 [internal quotation marks omitted]). Here, the defendant's claim of coercion is belied by the record. The defendant, who had the assistance of an attorney, voluntarily admitted his guilt after a thorough and complete plea allocution. The defendant acknowledged that he had sufficient time to speak with his counsel and was satisfied with his services. The defendant confirmed that no one had forced, threatened, or coerced him into pleading guilty, and that he was pleading guilty voluntarily. The defendant sufficiently allocuted to the facts of the crimes. Moreover, the defendant was fully apprised of the consequences of pleading guilty. Any alleged benefit to the defendant's father was minimal. Further, the record reveals that, prior to accepting the plea offer, the court afforded the defendant time to discuss the matter with counsel and his mother. Accordingly, the defendant's plea of guilty was knowingly, voluntarily, and intelligently made.
The defendant further asserts that his plea counsel was ineffective in that he, inter alia, failed to investigate any pre-indictment delays and inconsistencies in the indictment. The defendant's claim of ineffective assistance of counsel cannot be reviewed on direct appeal because it is based on matters outside the record on appeal (see People v Walters, 183 AD3d 765, 766; People v Shabazz, 174 AD3d 824, 825). The appropriate vehicle for asserting a claim of ineffective assistance of counsel grounded in allegations referring to facts outside the record is a motion pursuant to CPL 440.10 (see People v Walters, 183 AD3d at 766; People v Shabazz, 174 AD3d at 825).
Contrary to the defendant's contention, the term "proceeds" in Penal Law § 220.77(2) does not render the statute unconstitutionally vague. Pursuant to Penal Law § 220.77(2), "[a] person is guilty of operating as a major trafficker when: . . . [a]s a profiteer, such person knowingly and unlawfully sells, on one or more occasions within six months or less, a narcotic drug, and the proceeds collected or due from such sale or sales have a total aggregate value of seventy-five thousand dollars or more." The statute defines the criminal offense of operating as a major trafficker "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement" (Kolender v Lawson, 461 US 352, 357; see People v Smith, 44 NY2d 613, 618-619). "[T]he use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding" is not precluded (People v Bergerson, 17 NY2d 398, 403 [internal quotation marks omitted]; see People v Byron, 17 NY2d 64, 67). While not specifically defined in article 220 of the Penal Law, the term "proceeds" is commonly used and easily understood by ordinary people (see People v Bergerson, 17 NY2d at 403; People v Guzman, 36 Misc 3d at 261, 265 [Suffolk County Ct, Suffolk County]). Moreover, the statute precludes arbitrary and discriminatory enforcement in that a violation of the statute requires that a specific amount of proceeds, $75,000, to have been collected or due to an individual, over a specified period of time, six months (see Grayned v City of Rockford, 408 US 104, 108-109; People v Guzman, 36 Misc 3d at 265).
The defendant's remaining contention is not properly before this Court.
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court