People v Santos (2021 NY Slip Op 05993)





People v Santos


2021 NY Slip Op 05993


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-09262
 (Ind. No. 1074-17)

[*1]The People of the State of New York, respondent,
v
Ricardo Santos, appellant.


Del Atwell, East Hampton, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (William Condon, J.), rendered July 3, 2018, convicting him of course of sexual conduct against a child in the second degree and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
At trial, the two complainants testified that, beginning when they were 8 and 11 years old, respectively, the defendant, their mother's boyfriend, who lived with them at the time, began exposing himself to them. Both complainants testified that the defendant then began touching them inappropriately. The younger complainant testified that the defendant grabbed her chest and buttocks on a nearly daily basis until around her 13th birthday. She recalled a specific incident around that time when the defendant tried to touch her chest, buttocks, and vagina, when she warned him that, if he did it again, she would tell her mother. The older complainant testified that, over time, the touching escalated to oral, vaginal, and anal sex.
The defendant was convicted of one count of course of sexual conduct against a child in the second degree as to the younger complainant (Penal Law § 130.80[1][b]), and two counts of endangering the welfare of a child, one with respect to each complainant (id. § 260.10[1]). Thereafter, the defendant moved pursuant to CPL 330.30 to set aside the verdict on the grounds of juror misconduct and ineffective assistance of counsel. The County Court denied the motion, and sentence was imposed. The defendant appeals.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of course of sexual conduct against a child in the second degree (see People v Green-Faulkner, 189 AD3d 1070, 1071; People v Arnold, 107 AD3d 1526, 1527-1528). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5];People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the [*2]record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, the complainants' testimony was not incredible (see People v Sam, 164 AD3d 1379, 1379-1380; People v Duwe, 164 AD3d 1256, 1256-1257; People v Gurgov, 129 AD3d 989, 990).
During jury deliberations, the defendant moved for a mistrial after it came to light that a juror had posted on Facebook a status update concerning the deliberations. After questioning that juror about the Facebook post, the County Court denied the defendant's motion.
The County Court providently exercised its discretion in denying the defendant's motion for a mistrial based on the juror's Facebook post. CPL 270.35(1) provides that, "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature . . . the court must discharge such juror. . . . If no alternate juror is available, the court must declare a mistrial pursuant to [CPL 280.10(3)]." "The trial court's assessment as to whether juror misconduct warrants a mistrial is afforded great weight on appeal because of the court's unique position to observe the jurors" (People v Reader, 142 AD3d 1109, 1109). The same is true of determinations as to whether a juror has become "grossly unqualified to serve" (see People v Rodriguez, 71 NY2d 214, 219 [internal quotation marks omitted]).
Here, during the County Court's "probing and tactful inquiry" (People v Buford, 69 NY2d 290, 299) of the juror, the juror acknowledged that she had posted on Facebook: "Jury Duty Update: We started deliberations this afternoon, we have to make decisions on 6 separate counts. Current score: 0/6." The juror also admitted that she had "liked" a comment on the post that one of her Facebook "friends" had made that said "GUILTY!!!!" She said, however, that she must have done so inadvertently. The juror assured the court that the comment on her post would not affect her deliberations, and that she could decide the case "on the evidence and the law." In addition, the juror told the court that she had not talked to anyone aside from her fellow jurors about the case, and that she had not spoken with the person who posted the "GUILTY!!!!" comment in "years."
Given these assurances, the County Court's determination not to discharge the juror and declare a mistrial was a provident exercise of discretion (see People v Wilson, 93 AD3d 483, 485; cf. People v Neulander, 34 NY3d 110, 114-115), and one that was based in large part on the court's assessment of the juror's credibility, which it was in the best position to evaluate (see People v Hicks, 6 NY3d 737, 739). For the same reasons, the court properly denied that branch of the defendant's motion which was to set the aside the verdict on the same ground.
The defendant's claim of ineffective assistance of counsel cannot be reviewed on direct appeal because it is based primarily on matter outside the record (see People v Walters, 183 AD3d 765, 766; People v Shabazz, 174 AD3d 824, 825). The appropriate vehicle for review of such a claim is a motion pursuant to CPL 440.10 (see People v Walters, 183 AD3d at 766).
The defendant's contention that the County Court failed to comply with CPL 400.21 before sentencing him as a second felony offender is unpreserved for appellate review (see People v Winslow, 100 AD3d 1031, 1031). In any event, the court substantially complied with the statute and there is no indication that the defendant intended to challenge the constitutionality of his prior conviction (see People v Smothers, 175 AD3d 1441, 1442; People v Johnson, 186 AD3d 743, 744).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court