People v Stewart (2021 NY Slip Op 06710)





People v Stewart


2021 NY Slip Op 06710


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-02481

[*1]The People of the State of New York, respondent,
v
James Stewart, appellant. (S.C.I. No. 305/18)


Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Judith R. Sternberg and Madeline Collins of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (David P. Sullivan, J.), rendered February 11, 2020, convicting him of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the Supreme Court's oral colloquy mischaracterized the appellate rights waived as encompassing a bar to filing an appellate brief and the loss of attendant rights to counsel and poor person relief (see People v Kaye, 190 AD3d 767, 767-768). Nevertheless, the defendant's contention that he was denied due process because the court imposed an enhanced sentence without holding a sufficient inquiry as to whether the defendant violated his cooperation agreement is unpreserved for appellate review, and we decline to reach the contention in the exercise of our interest of justice jurisdiction (see People v Edmondson, 191 AD3d 1015, 1016; People v Matteo, 166 AD3d 1246).
The defendant's claim of ineffective assistance of counsel cannot be reviewed on direct appeal because it is based on matter outside the record on appeal (see People v Walters, 183 AD3d 765, 766; People v Rohlehr, 87 AD3d 603, 604). The appropriate vehicle for asserting a claim of ineffective assistance of counsel grounded in allegations referring to facts outside the record is a motion pursuant to CPL 440.10, where matter dehors the record may be considered (see People v Walters, 183 AD3d at 766; People v Rohlehr, 87 AD3d at 604).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court