People v Morris (2021 NY Slip Op 07294)





People v Morris


2021 NY Slip Op 07294


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-04423
 (Ind. No. 8422/17)

[*1]The People of the State of New York, respondent,
v
Howard Morris, appellant.


Janet E. Sabel, New York, NY (Paul Wiener of counsel) for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Eva A. Oginar of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered March 6, 2019, convicting him of murder in the second degree and attempted assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The charges against the defendant arose from an incident in which he and accomplices allegedly burglarized a home and tied up two elderly occupants, resulting in the death of one of the victims. The defendant pleaded guilty to murder in the second degree and attempted assault in the first degree.
The defendant's contention that his plea of guilty was not knowing, voluntary, or intelligent because the allocution was factually insufficient is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise object to its entry prior to the imposition of sentence (see People v Williams, 27 NY3d 212, 214; People v Devodier, 102 AD3d 884). Contrary to the defendant's contention, the "rare case" exception to the preservation requirement does not apply here, as the plea allocution did not cast significant doubt on his guilt, negate an essential element of the crimes, or call into question the voluntariness of the plea (People v Lopez, 71 NY2d 666, 666; see People v Gudanowski, 187 AD3d 1205, 1207; People v Lovick, 127 AD3d 1108, 1109).
In any event, the record shows that the defendant was adequately advised of the constitutional rights he was forfeiting by pleading guilty (see Boykin v Alabama, 395 US 238, 243), and the record affirmatively demonstrates the defendant's understanding, and knowing and voluntary waiver, of these rights (see People v Flinn, 188 AD3d 1093, 1093; People v Sherman, 177 AD3d 777, 779). Moreover, the facts to which the defendant admitted during his plea allocution were sufficient to establish the elements of the crime of burglary, which was the predicate felony for the felony murder conviction (see People v Mills, 181 AD3d 718, 719; People v Chambers, 177 AD3d 645, 646; People v Duran, 157 AD3d 598; People v Davis, 114 AD3d 697; People v Wray, 44 AD3d 551).
The defendant did not validly waive the right to appeal, as the colloquy improperly mischaracterized the parameters of the waiver (see People v Risco, 165 AD3d 703, 704), as did the written waiver form (see People v Seaberg, 74 NY2d 1, 9; People v Perrella, 188 AD3d 1263, 1264; People v Cardwell, 188 AD3d 718).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court