People v Fahey (2021 NY Slip Op 07284)





People v Fahey


2021 NY Slip Op 07284


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-02474
 (Ind. No. 1368/17)

[*1]The People of the State of New York, respondent,
v
Michael J. Fahey, appellant.


Andrew E. MacAskill, Garden City, NY, for appellant.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered September 6, 2018, convicting him of rape in the first degree and course of sexual conduct against a child in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Considering the totality of the circumstances, including the defendant's relatively limited experience with the criminal justice system, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived the right to appeal (see People v Adyl K., 187 AD3d 1208, 1209; People v Zaffuto, 138 AD3d 1156, 1156-1157). The Supreme Court's terse oral colloquy with the defendant concerning the waiver failed to advise him that the right to appeal is separate and distinct from other rights that are automatically waived in connection with taking a plea bargain, and that a waiver of the right to appeal was not an absolute bar to the taking of an appeal (see People v Seymour, 189 AD3d 1269, 1270; People v Cruz, 177 AD3d 766, 767). Moreover, the written waiver of appeal form signed by the defendant did not overcome these deficiencies in the court's explanation, as it did not contain language clarifying these matters (see People v Thomas, 34 NY3d 545, 566; People v Brown, 195 AD3d 943). As such, appellate review of the denial of that branch of the defendant's motion which was to suppress his statements to law enforcement officials is not precluded (see People v Garcia, 189 AD3d 879, 881).
The Supreme Court properly denied suppression of the statements the defendant made to law enforcement officials, as the record does not support his contention that those statements were the result of an interrogation which created a substantial risk that he might falsely incriminate himself (see People v Thomas, 22 NY3d 629, 641-642; People v Smith, 193 AD3d 770, 771).
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court