People v Smith (2022 NY Slip Op 00320)





People v Smith


2022 NY Slip Op 00320


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-01853
 (Ind. No. 139/15)

[*1]The People of the State of New York, respondent,
v
Alvin Smith, appellant.


Andrew E. MacAskill, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jared A. Chester and Libbi Vilher of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William O'Brien, J.), rendered January 31, 2019, convicting him of assault in the first degree, criminal contempt in the first degree, and aggravated family offense, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The determination of a motion to withdraw a plea of guilty rests within the sound discretion of the motion court, and that determination generally will not be disturbed absent an improvident exercise of discretion (see People v Mills, 181 AD3d 718, 718; People v Walker, 169 AD3d 723, 724). "Generally, a plea of guilty may not be withdrawn absent some evidence or claim of innocence, fraud, or mistake in its inducement" (People v DeLeon, 40 AD3d 1008, 1009; see People v Mills, 181 AD3d at 718). "Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors 'including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused'" (People v Garcia, 92 NY2d 869, 870, quoting People v Hidalgo, 91 NY2d 733, 736; see People v Mills, 181 AD3d at 718).
Here, the Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea. The defendant's claim of coercion based upon time restraints is belied by the record (see People v Rose, 193 AD3d 885, 886). The mere fact that the defendant's trial attorney had informed the defendant of his pessimistic view of the chances of succeeding at trial did not constitute coercion (see People v Solis, 111 AD3d 654, 655; People v Elting, 18 AD3d 770, 771). Further, the court sufficiently warned the defendant regarding the effect that a plea of guilty would have on his ability to contest the alleged violation of his statutory rights to a speedy trial if he pleaded guilty (see People v Pray, 183 AD3d 842, 843). Moreover, "the defendant's monosyllabic, one-word responses did not render the plea invalid" (People v Lopez-Hilario, 178 AD3d 1078, 1078; see generally People v Goldstein, 12 NY3d 295, 301).
The Supreme Court also providently exercised its discretion in denying the defendant's request for an adjournment (see People v Cooper, 192 AD3d 823, 823).
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court