People v Marinos (2022 NY Slip Op 05862)

People v Marinos

2022 NY Slip Op 05862

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2019-10184

[*1]The People of the State of New York, respondent,
v
Julio Cesar Diaz Marinos, appellant. (S.C.I. No. 1819/18)

Judah Maltz, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered December 11, 2018, convicting him of endangering the welfare of a child, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea was not knowing, voluntary, and intelligent. However, this contention is unpreserved for appellate review since the defendant did not move to vacate his plea or otherwise raise this issue before the Supreme Court (see CPL 470.05[2]; People v Peralta, 171 AD3d 948, 948; People v Kovalsky, 166 AD3d 900, 901; People v Ramos, 164 AD3d 922, 922). Moreover, "the 'rare case' exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea" (People v Ramos, 164 AD3d at 922-923, quoting People v Lopez, 71 NY2d 662, 666; see People v Davis, 24 NY3d 1012, 1013; People v Stone, 91 AD3d 977, 977).
In any event, the defendant's contention that his plea was not knowing, voluntary, and intelligent is without merit. Contrary to the defendant's contention, the Court of Appeals has "never held that a plea is effective only if a defendant acknowledges committing every element of the pleaded-to offense, or provides a factual exposition for each element of the pleaded-to offense" (People v Seeber, 4 NY3d 780, 781 [citation omitted]; see People v Goldstein, 12 NY3d 295, 301; People v Ramos, 164 AD3d at 923). The Court of Appeals has stated that "no catechism is required in connection with the acceptance of a plea" (People v Goldstein, 12 NY3d at 301; see People v Seeber, 4 NY3d at 781), and has "refused to disturb pleas by canny defendants even when there has been absolutely no elicitation of the underlying facts of the crime" (People v Goldstein, 12 NY3d at 301; see People v Ramos, 164 AD3d at 923). Rather, "[i]t is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d at 301; see People v Ramos, 164 AD3d at 923). Here, the record of the plea proceeding demonstrates that the defendant understood the charges and intelligently decided to enter a plea of guilty (see People v Goldstein, 12 NY3d at 301; People v Ramos, 164 AD3d at 923).
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court