People v Rico-Valencia (2023 NY Slip Op 03242)

People v Rico-Valencia

2023 NY Slip Op 03242

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-04497
 (Ind. No. 1153/21)

[*1]The People of the State of New York, respondent,
v
Jean Rico-Valencia, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Barbara Kornblau of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Felice J. Muraca, J., at plea; Tammy S. Robbins, J., at sentence), rendered May 5, 2022, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Lopez, 71 NY2d 662, 665; People v Defilippis, 210 AD3d 1004). Further, the exception to the preservation requirement does not apply here because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Mack, 168 AD3d 1100, 1101; People v Ramos, 164 AD3d 922). In any event, the defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is without merit. The record of the plea proceeding demonstrates that the defendant understood the charge to which he entered a plea of guilty and made an intelligent decision to enter a plea of guilty (see People v Goldstein, 12 NY3d 295, 301; People v Marinos, 209 AD3d 875). Moreover, "the defendant's monosyllabic, one-word responses did not render the plea invalid" (People v Lopez-Hilario, 178 AD3d 1078, 1078; see People v Smith, 201 AD3d 822, 823).
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court