People v Varghese (2024 NY Slip Op 04787)

People v Varghese

2024 NY Slip Op 04787

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2021-02321
 (Ind. No. 391/19)

[*1]The People of the State of New York, respondent,
v
Chacko Varghese, appellant. 

Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered March 3, 2021, convicting him of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2-a)(b), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
As the defendant's challenge to the voluntariness of his plea survives even a valid waiver of the right to appeal, we need not determine whether the defendant's waiver of the right to appeal was invalid (see People v Seaberg, 74 NY2d 1, 10; People v Lee, 225 AD3d 788, 788; People v Potter, 191 AD3d 903, 903-904; People v Ross, 172 AD3d 1409, 1410).
The defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, or intelligent, since he failed to move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Williams, 27 NY3d 212, 214; People v Tyrell, 22 NY3d 359, 364; People v Lee, 225 AD3d at 788-789). Moreover, the narrow exception to the preservation requirement does not apply in this case (see People v Williams, 27 NY3d at 214; People v Lee, 225 AD3d at 788-789; People v Morris, 200 AD3d 995, 996). In any event, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Potter, 191 AD3d at 904; People v Mack, 168 AD3d 1100, 1101-1102).
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court