People v Navarro (2024 NY Slip Op 06215)

People v Navarro

2024 NY Slip Op 06215

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-03724
 (Ind. No. 623/20)

[*1]The People of the State of New York, respondent,
v
Israel Navarro, appellant.

Twyla Carter, New York, NY (Sylvia Lara Altreuter of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Evan A. Esswein of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Elizabeth N. Warin, J.), rendered May 4, 2022, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal under the totality of the circumstances (see People v Thomas, 34 NY3d 545, 559; People v Lopez, 6 NY3d 248, 256). Since the defendant did not validly waive his right to appeal, this Court is not precluded from considering the merits of his contention that the sentence imposed was excessive.
Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that his plea of guilty was not entered knowingly, voluntarily, and intelligently is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise this issue before the Supreme Court (see People v Williams, 27 NY3d 212, 214; People v Tyrell, 22 NY3d 359, 364; People v Lee, 225 AD3d 788, 788-789). Moreover, the narrow exception to the preservation requirement does not apply in this case (see People v Williams, 27 NY3d at 214; People v Lee, 225 AD3d at 788-789; People v Morris, 200 AD3d 995, 996). In any event, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Potter, 191 AD3d 903, 903-904; People v Mack, 168 AD3d 1100, 1102).
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court