People v Mujica (2025 NY Slip Op 01232)

People v Mujica

2025 NY Slip Op 01232

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-03921

[*1]The People of the State of New York, respondent,
v
Emanuel Lindarte Mujica, appellant. (S.C.I. No. 70255/24)

Jillian S. Harrington, Staten Island, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jared A. Chester of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (David P. Sullivan, J.), rendered April 30, 2024, convicting him of operating a motor vehicle while under the influence of alcohol or drugs with a child, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, intelligent, and voluntary is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Pray, 183 AD3d 842, 842). An exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Ramos, 164 AD3d 922, 923).
In any event, the record shows that the defendant's plea was knowing, intelligent, and voluntary (see id.). The defendant was adequately advised of the constitutional rights he was forfeiting by pleading guilty (see Boykin v Alabama, 395 US 238, 243), and the record affirmatively demonstrates the defendant's understanding, and knowing and voluntary waiver, of these rights (see People v Morris, 200 AD3d 995). Moreover, contrary to the defendant's contention, the County Court was not required to advise him regarding the collateral consequences of his guilty plea (see People v Rodriguez, 202 AD3d 999, 1000).
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court