People v Martinez (2025 NY Slip Op 03739)

People v Martinez

2025 NY Slip Op 03739

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2024-01438
 (Ind. No. 70034/23)

[*1]The People of the State of New York, respondent,
v
Ruben Martinez, appellant.

Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Judith R. Sternberg and Barbara Kornblau of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered April 14, 2023, convicting him of endangering the welfare of a child, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Although a challenge to the voluntariness of a plea survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Potter, 191 AD3d 903, 903), a challenge to the factual sufficiency of a plea allocution is precluded by a valid waiver of the right to appeal (see People v Heath, 218 AD3d 693, 694; People v Headley, 197 AD3d 1329, 1330). Here, the record does not establish that the defendant's waiver of the right to appeal was knowing, voluntary, and intelligent. The record fails to establish that the defendant understood that the appeal waiver was separate and distinct from other rights that are automatically waived as a consequence of his plea of guilty (see People v Fahey, 200 AD3d 978, 979; People v Cruz, 177 AD3d 766, 767). Thus, the defendant's purported waiver of the right to appeal does not preclude this Court's review of his challenge to the factual sufficiency of the plea allocution.
However, the defendant's challenge to the factual sufficiency of the plea allocution is unpreserved for appellate review, as he did not move to vacate his plea or otherwise raise this issue before the Supreme Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 663). The exception to the preservation requirement does not apply in this case because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Smith, 201 AD3d 822, 823; People v Najera, 170 AD3d 753, 754-755).
In any event, the plea allocution was sufficient. "[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime," and a plea allocution is sufficient if it "shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d 295, 301; see People v Marinos, 209 AD3d 875, 875-876). Here, the record demonstrates that the defendant understood the charge and made an intelligent decision to enter the plea.
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court