People v Byers (2026 NY Slip Op 01527)

People v Byers

2026 NY Slip Op 01527

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JANICE A. TAYLOR
CARL J. LANDICINO
ELENA GOLDBERG VELAZQUEZ, JJ.

2020-02063
 (Ind. No. 4039/17)

[*1]The People of the State of New York, respondent,
vTimothy Byers, appellant.

Spolin & Dukes, P.C., New York, NY (Aaaron Spolin and Caitlin Dukes of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Terrence F. Heller of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered January 10, 2020, convicting him of predatory sexual assault against a child, sexual abuse in the first degree, and the use of a child in a sexual performance (four counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the prosecutor's use of a cooperation agreement with one of the witnesses constituted improper bolstering is unpreserved for appellate review (see CPL 470.05[2]; People v Holmes, 167 AD3d 1039, 1040; People v Tendilla-Fuentes, 157 AD3d 721, 722). In any event, the People were properly permitted to question the witness about the cooperation agreement on direct examination, as defense counsel raised the issue of that witness's motive for testifying and credibility in his opening remarks (see People v Wilborn, 164 AD3d 530, 532; People v Choi, 137 AD3d 808, 809).
The defendant's contention that the Supreme Court erred in admitting evidence of his uncharged crimes or prior bad acts is without merit (see People v Cedillo, 242 AD3d 1107, 1107; People v Khan, 88 AD3d 1014; see also People v Molineux, 168 NY 264). The court providently exercised its discretion in admitting the evidence as it was inextricably interwoven with the narrative of events, provided necessary background information, and the probative value of the evidence outweighed its prejudicial effect (see People v Cedillo, 242 AD3d at 1107; People v Henry, 173 AD3d 900, 901). Moreover, even assuming arguendo that the court erred in admitting the evidence, such error was harmless because the proof of the defendant's guilt, without reference to the Molineux evidence, was overwhelming and there was no significant probability that the jury would have acquitted the defendant had it not been for that evidence (see generally People v Weinstein, 42 NY3d 439, 469-471).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion for a mistrial, which was in response to the testimony of one of the People's witnesses (see People v Whitely, 41 AD3d 622, 623; People v Robinson, 287 AD2d 582, [*2]582).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matters appearing on the record and, in part, on matters outside the record (see People v Rose, 193 AD3d 885, 887; People v Renaud, 137 AD3d 818, 820-821) and, thus, constitutes a mixed claim of ineffective assistance (see People v Padilla-Padilla, 233 AD3d 711, 711; People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Padilla-Padilla, 233 AD3d at 711; People v Rodriguez, 224 AD3d 783, 785).
IANNACCI, J.P., TAYLOR, LANDICINO and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court