People v Johnson (2020 NY Slip Op 03925)





People v Johnson


2020 NY Slip Op 03925


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-03938
 (Ind. No. 1967/15)

[*1]The People of the State of New York, respondent,
v
Juan Johnson, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered on March 28, 2017, convicting him of criminal possession of a forged instrument in the second degree (three counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
A waiver of the right to appeal will not be enforced unless it was knowing, intelligently, and voluntarily made (see People v Lopez, 6 NY3d 248; People v Callahan, 80 NY2d 273). Furthermore, the waiver is effective only when the record demonstrates that the defendant has had a full appreciation of the consequences of the waiver (see People v Mack, 168 AD3d 1100; People v Cassadean, 160 AD3d 655; People v Brown, 122 AD3d 133).
Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal at the time he entered his plea of guilty (see People v Mack, 168 AD3d 1100; People v Moore, 140 AD3d 1091; People v Corbin, 121 AD3d 803). The record reveals that the Supreme Court adequately explained, and that the defendant acknowledged that he understood, the separate and distinct nature of the waiver of the right to appeal, and the defendant signed a written waiver which adequately supplemented the oral colloquy.
The defendant's valid waiver of his right to appeal precludes review of his challenge to the Supreme Court's suppression determination (see People v Sanders, 25 NY3d 337; People v Kemp, 94 NY2d 831, 833-834).
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court