People v Smith (2021 NY Slip Op 02421)





People v Smith


2021 NY Slip Op 02421


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-12096
 (Ind. No. 17-00783)

[*1]The People of the State of New York, respondent,
v
Christopher Smith, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered September 7, 2018, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Thomas, 34 NY3d 545; People v Sanders, 25 NY3d 337; People v Lopez, 6 NY3d 248; People v Scott, 165 AD3d 1295; People v Melvin, 165 AD3d 1291). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Melvin, 165 AD3d 1291; People v Palladino, 140 AD3d 1194; People v Magnotta, 137 AD3d 1303).
The defendant's contention that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Scott, 165 AD3d 1295; People v Melvin, 165 AD3d 1291; People v Magnotta, 137 AD3d 1303; People v Fontanet, 126 AD3d 723). However, the defendant's contention is unpreserved for appellate review because he did not move to withdraw the plea or otherwise raise this issue before the County Court (see People v Lopez, 71 NY2d 662; People v Melvin, 165 AD3d 1291; People v Pollidore, 123 AD3d 1058). In any event, this contention is without merit.
The defendant's valid waiver of the right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel to the extent that it does not relate to the voluntariness of his plea (see People v Scott, 165 AD3d 1295; People v Appling, 94 AD3d 1135). To the extent the defendant argues that he was deprived of the effective assistance of counsel insofar as it relates to the voluntariness of his plea, this contention is based on matter dehors the record and is not properly before this Court on this appeal (see People v Ruiz-Solano, 188 AD3d 1267, 1268; People v Walters, 183 AD3d 765, 766).
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court