People v Headley (2021 NY Slip Op 05131)





People v Headley


2021 NY Slip Op 05131


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-06896
 (Ind. No. 1574/16)

[*1]The People of the State of New York, respondent,
v
Roxy Headley, Jr., appellant.


Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered May 16, 2018, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal at the time he entered his plea of guilty (see People v Thomas, 34 NY3d 545, 564; People v Mack, 168 AD3d 1100, 1100). The record reveals that the County Court adequately explained, and the defendant acknowledged that he understood, the separate and distinct nature of the waiver of the right to appeal, and the court did not mischaracterize the nature or scope of the waiver (see e.g. People v Moore, 140 AD3d 1091, 1091; People v Corbin, 121 AD3d 803, 803-804). Moreover, the defendant signed a written waiver which adequately supplemented the oral colloquy (see People v Johnson, 185 AD3d 838, 839, lv granted 36 NY3d 1120). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Smith, 193 AD3d 986; People v Palladino, 140 AD3d 1194, 1195).
The defendant's valid waiver of his right to appeal precludes appellate review of his objections to the factual sufficiency of the plea allocution (see People v Spencer, 149 AD3d 983, 983).
The defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, and intelligent, since he did not move to withdraw his plea on this ground or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v Smith, 193 AD3d 986, 986). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here because the defendant's allocution did not "call into question the voluntariness of the plea" (People v Dunkley, 177 AD3d 767, 768; see People v Lopez, 71 NY2d at 666). In any event, the record demonstrates [*2]that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Lopez, 71 NY2d at 667-668; People v Spencer, 149 AD3d at 983). The plea minutes demonstrate that, when the defendant's remarks triggered the court's duty to conduct a further inquiry to ensure that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Lopez, 71 NY2d at 667-668), the court properly conducted such an inquiry.
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Okay, 172 AD3d 1104, 1105). The defendant's contention that his attorney's conduct affected the voluntariness of his plea is without merit (see id. at 1105).
The defendant's remaining contention is without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court