People v Bailey (2021 NY Slip Op 06697)





People v Bailey


2021 NY Slip Op 06697


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-06052
 (Ind. No. 17-00726)

[*1]The People of the State of New York, respondent,
v
Joe Bailey, appellant.


Paul N. Weber, Cornwall, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered April 26, 2018, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545, 565-566). The County Court's discussion of this issue during the plea proceeding mistakenly suggested that the waiver was an absolute bar to the taking of an appeal (see People v Momoh, 192 AD3d 915, 915-916). That misconception was not corrected by the written waiver of the right to appeal form signed by the defendant, since it stated that the waiver encompassed "any and all rights to appeal from the judgment of conviction herein," and otherwise failed to inform the defendant that appellate review of certain issues survived the waiver (see People v Thomas, 34 NY3d at 565-566; People v Leiva, 184 AD3d 731, 731). Accordingly, the purported waiver does not preclude this Court's review of the defendant's remaining claims.
By pleading guilty, the defendant forfeited any claims of ineffective assistance of counsel that did not directly involve the plea negotiation process (see People v Brown, 170 AD3d 878, 879; People v Fakhoury, 103 AD3d 664, 664). The defendant contends that several statements that his attorney made to the County Court during the plea negotiation process portrayed him in a negative light and thus may have affected the court's sentencing determination. Two of these statements, however, constituted a proper effort on counsel's part to ensure that the defendant understood the advantages of the plea offer being made (see Purdy v United States, 208 F3d 41, 44-45 [2d Cir]), and to memorialize his efforts in this regard (see Missouri v Frye, 566 US 134, 146-147). The third statement challenged by the defendant was an accurate description of the defendant's predicate felon status and, therefore, did not amount to deficient performance.
To the extent the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v [*2]Soria, 99 AD3d 1027, 1028). During the plea proceeding, the defendant indicated to the County Court that he had enough time to speak with his attorney about the "legal" and "procedural" aspects of this case, as well as any potential defenses to the charges. The defendant also stated that he was satisfied with his attorney's representation and advice. Accordingly, to the extent the defendant contends that his attorney's performance undermined the voluntariness of his plea, that contention is refuted by his own statements (see People v Brown, 170 AD3d at 879).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court