People v Price (2022 NY Slip Op 01811)





People v Price


2022 NY Slip Op 01811


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2019-00953
 (Ind. No. 1729/17)

[*1]The People of the State of New York, respondent,
v
Keith Price, appellant.


Kristina S. Heuser, Locust Valley, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Rebecca L. Abensur of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered September 6, 2018, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that he was denied the effective assistance of counsel because assigned counsel failed to make certain pretrial motions. By pleading guilty, the defendant forfeited any claims of ineffective assistance of counsel that did not directly involve the plea negotiation process (see People v Petgen, 55 NY2d 529, 534-535; People v Bailey, 200 AD3d 703, 703; People v Brown, 170 AD3d 878, 879; People v Buggsward, 138 AD3d 881, 882). To the extent that the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Petgen, 55 NY2d at 534-535; People v Bailey, 200 AD3d at 704; People v Brown, 170 AD3d at 879).
The defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, and intelligent, since he did not move to withdraw his plea on this ground or otherwise raise this issue before the Supreme Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v Smith, 193 AD3d 986, 986; People v Etienne, 193 AD3d 971, 973; People v Gomez, 137 AD3d 1161, 1162). In any event, the defendant's contention that his plea was not knowingly, intelligently, and voluntarily entered, including his contention that the plea was the result of certain coercive conduct by the court, is without merit (see People v Dancy, 177 AD3d 995; People v Rivera, 33 AD3d 942).
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court