People v Placencia (2022 NY Slip Op 01810)





People v Placencia


2022 NY Slip Op 01810


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-02931
 (Ind. No. 814/14)

[*1]The People of the State of New York, respondent,
v
Genero Placencia, appellant.


Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Marina Arshakyan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered April 1, 2015, convicting him of robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contentions that the Supreme Court erred in failing to hold a hearing or conduct a sufficient inquiry to determine whether he violated a term of his plea agreement before enhancing his sentence, and that the court improperly imposed an enhanced sentence based on unreliable and unverified information, are unpreserved for appellate review (see CPL 470.05[2]; People v Shealy, 195 AD3d 1047, 1048; People v Bragg, 96 AD3d 1071). In any event, these contentions are without merit. The record demonstrates that the defendant did not submit to an interview by the Probation Department, as required by the terms of his plea agreement. "The [sentencing] court was not required to conduct an evidentiary hearing to determine the veracity of [the] defendant's excuse[ ]" (People v Albergotti, 17 NY3d 748, 750) for not doing so, and "[b]oth [the] defendant and his counsel were given ample opportunity to refute the court's assertions that [the] defendant had violated the plea terms" (id. at 750).
Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court