People v Defilippis (2022 NY Slip Op 06713)

People v Defilippis

2022 NY Slip Op 06713

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-04024
 (Ind. No. 49/20)

[*1]The People of the State of New York, respondent,
v
Paul Defilippis, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jared A. Chester of counsel; Michael Gatto on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered August 10, 2020, convicting him of assault in the second degree and robbery in the third degree (three counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 254; People v Brown, 122 AD3d 133, 136).
Although the defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered survives his valid appeal waiver (see People v Smith, 193 AD3d 986, 986; People v Ramos, 164 AD3d 922, 922), the defendant failed to preserve that contention for appellate review, since he did not move to withdraw his plea or otherwise raise that issue before the Supreme Court prior to the imposition of sentence (see People v Lopez, 71 NY2d 662, 665; People v Smith, 193 AD3d at 986). Moreover, the exception to the preservation requirement does not apply here, as the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Ramos, 164 AD3d at 922-923). In any event, the record shows that the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered (see People v Ospina, 175 AD3d 513, 514; People v Anderson, 170 AD3d 878). Contrary to the defendant's contention, certain postplea statements attributed to the defendant in the presentence report did not obligate the court to conduct a sua sponte inquiry into the validity of the defendant's plea of guilty (see People v Cuenca, 208 AD3d 136; People v Ospina, 175 AD3d at 514; People v Anderson, 170 AD3d 878). "Moreover, although the defendant argues otherwise, the statements at issue did not negate any element of the crimes" (People v Ospina, 175 AD3d at 514).
While we do not countenance defense counsel's admitted failure to review the presentence report, under the circumstances, the defendant's contention that he was denied the effective assistance of counsel for said failure, is without merit. "[A]n attorney is not ineffective for failing to make an argument that . . . has little or no chance of success" (People v Sumter, 145 AD3d [*2]803, 803; see People v Pollidore, 123 AD3d 1058, 1059; People v Ingram, 80 AD3d 713, 714). Here, any argument made by defense counsel that the defendant's postplea statements in the presentence report invalidated his plea of guilty, would have had little or no chance of success (see People v Pollidore, 123 AD3d at 1059; People v Ingram, 80 AD3d at 714). Moreover, the record reveals that the defendant received an advantageous plea, and nothing in the record casts doubt on the effectiveness of counsel (see People v Caban, 5 NY3d 143, 152; People v Benevento, 91 NY2d 708, 712).
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court