People v Guzman (2023 NY Slip Op 00882)

People v Guzman

2023 NY Slip Op 00882

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2022-01833
 (Ind. No. 21/21)

[*1]The People of the State of New York, respondent,
v
Roberto Guzman, appellant.

Thomas N.N. Angell, Poughkeepsie, NY (Steven Levine of counsel; Robert Bleakley on the brief), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Amie M. Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 10, 2022, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, or intelligent, since he did not move to withdraw his plea on this ground prior to the imposition of sentence or otherwise raise the issue before the County Court (see People v Garner, 198 AD3d 813, 813-814; People v King, 169 AD3d 1060, 1061).
In any event, the record demonstrates that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Garner, 198 AD3d at 814). Contrary to the defendant's contention, the County Court was not obligated to advise him that the sentence imposed for the instant offense would run consecutively to any undischarged sentence on a prior conviction pursuant to Penal Law § 70.25(2-a) (see People v Belliard, 20 NY3d 381, 389). Further, the record reflects that, at the plea proceeding, the court corrected its initial misstatement of the maximum possible sentence, and the defendant thereafter consulted with his attorney and indicated that he wished to proceed with the plea agreement (cf. People v Keller, 168 AD3d 1098). The circumstances of the plea in its totality establish that it was knowingly, intelligently, and voluntarily entered (see People v Garcia, 92 NY2d 869, 870-871).
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court