People v Gray (2023 NY Slip Op 03361)

People v Gray

2023 NY Slip Op 03361

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2018-04241
 (Ind. No. 33/17)

[*1]The People of the State of New York, respondent,
v
Aaron Gray, appellant.

Craig S. Leeds, New York, NY, for appellant, and appellant pro se.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and George D. Adames of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Alexander Jeong, J.), rendered March 6, 2018, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, intelligent, and voluntary is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Lopez, 71 NY2d 662, 665; People v McDonnell, 214 AD3d 826, 827). Contrary to the defendant's contention, an exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666; People v Ramos, 164 AD3d 922, 923). In any event, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Conceicao, 26 NY3d 375, 384; People v Guzman, 213 AD3d 866; People v Marinos, 209 AD3d 875). Contrary to the defendant's contention, his one-word responses did not render the plea invalid (see People v Persaud, 212 AD3d 654, 655). Also contrary to the defendant's contention, his postplea statements reflected in the presentence report did not obligate the court to conduct a sua sponte inquiry concerning his usage of drugs (see People v Lorenzo-Perez, 203 AD3d 847, 848).
By entering a plea of guilty, the defendant forfeited appellate review of his claim of ineffective assistance of counsel to the extent that the claim does not directly involve the plea negotiation or sentence (see People v Leshore, 208 AD3d 1364, 1365; People v Pil-Yong Yoo, 208 AD3d 1257, 1258). To the extent the defendant contends that the alleged ineffective assistance of counsel relates to the negotiation of the plea and sentence, the record demonstrates that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Bailey, 200 AD3d 703, 704; People v Arce, 196 AD3d 696, 696-697; People v Brown, 170 AD3d 878, 879).
The defendant's contention that he was improperly sentenced as a second felony drug [*2]offender is without merit. The People sustained their burden of proving beyond a reasonable doubt that the defendant was previously convicted of a felony upon which his adjudication as a second felony drug offender was premised, and the defendant failed to establish that the prior conviction was unconstitutionally obtained (see CPL 400.21; People v Quinn, 124 AD3d 916, 916-917; People v Myron, 28 AD3d 681, 684).
To the extent the defendant contends that the sentence imposed constituted cruel and unusual punishment, the defendant's contention is unpreserved for appellate review and, in any event, without merit (see People v Delacruz, 213 AD3d 691; People v Ormsby, 207 AD3d 573). Further, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court