People v Garcia (2023 NY Slip Op 05515)

People v Garcia

2023 NY Slip Op 05515

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-00393
 (Ind. No. 162/20)

[*1]The People of the State of New York, respondent,
v
Victor Garcia, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered October 28, 2021, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise that issue before the County Court prior to the imposition of sentence (see People v Lopez, 71 NY2d 662, 665; People v Defilippis, 210 AD3d 1004, 1004). Moreover, the narrow exception to the preservation requirement does not apply here as, although the defendant initially did not admit his guilt during the plea colloquy, the court made appropriate further inquiries of the defendant, among other things, confirming that the defendant admitted that he was in fact guilty (see generally People v McNair, 13 NY3d 821, 822-823). In any event, the record shows that the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered (see People v Marinos, 209 AD3d 875, 875-876; People v Keller, 201 AD3d 657, 657). Contrary to the defendant's contention, certain post-plea statements he made did not obligate the court to conduct a sua sponte inquiry into the validity of the defendant's plea of guilty (see People v Defilippis, 210 AD3d at 1004; People v Lopez-Hilario, 178 AD3d 1078, 1078).
The defendant's claim of ineffective assistance of counsel is without merit (see People v Defilippis, 210 AD3d at 1005; People v Rodriguez, 194 AD3d 1078, 1079).
The defendant's remaining contentions are based on matter dehors the record and, thus, are not properly before this Court (see generally People v Walker, 189 AD3d 1619, 1619).
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court