People v Anderson (2024 NY Slip Op 00430)

People v Anderson

2024 NY Slip Op 00430

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-09030

[*1]The People of the State of New York, respondent,
v
Christopher Anderson, appellant. (S.C.I. No. 70439/21)

Salvatore C. Adamo, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered November 10, 2021, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise that issue before the County Court prior to the imposition of sentence (see People v Lopez, 71 NY2d 662, 665; People v Defilippis, 210 AD3d 1004, 1004). Moreover, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see generally People v McNair, 13 NY3d 821, 822-823; People v Steele, 197 AD3d 512, 513). In any event, the record shows that the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered (see People v Pil-Yong Yoo, 208 AD3d 1257, 1258; People v Keller, 201 AD3d 657, 657; see also People v Hatcher, 211 AD3d 1236, 1238).
The defendant's claim of ineffective assistance of counsel is without merit (see People v Rodriguez, 194 AD3d 1078, 1079; People v Mills, 181 AD3d 718, 719).
The defendant's contention that this Court should exercise its interest of justice jurisdiction to reduce the sentence is precluded by his waiver of the right to appeal, which he does not challenge (see People v Lopez, 6 NY3d 248, 255; People v Yakubov, 204 AD3d 1043, 1044).
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court