People v Grafton (2024 NY Slip Op 04568)

People v Grafton

2024 NY Slip Op 04568

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2021-03855
 (Ind. No. 1079/19)

[*1]The People of the State of New York, respondent,
v
Kenneth Grafton, appellant.

Mark Diamond, Pound Ridge, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered May 3, 2021, convicting him of criminal possession of a controlled substance in the third degree and assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's waiver of the right to appeal precludes review of his contention that the procedure used to adjudicate him a second felony offender was defective, inasmuch as this challenge goes to the Supreme Court's compliance with procedures to determine the defendant's predicate felony status, rather than the legality of the sentence itself (see People v Leon, 200 AD3d 717, 717; People v Meyers, 172 AD3d 1236, 1237).
The defendant's arguments related to the voluntariness of his plea survive his valid appeal waiver (see People v Lopez, 6 NY3d 248, 255; People v Ospina, 175 AD3d 513, 513). The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent due to the purported factual insufficiency of the plea allocution, and because it was allegedly coerced, is unpreserved for appellate review because he did not move to withdraw the plea on these grounds (see People v Principato, 194 AD3d 851, 851; People v Adeghe, 185 AD3d 952, 953). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d 662, 666; People v Principato, 194 AD3d at 851). In any event, the defendant's contention is without merit, and the record as a whole demonstrates that his plea of guilty was knowing, voluntary, and intelligent (see People v Ospina, 175 AD3d at 514).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Augustine, 208 AD3d 678, 679). To the extent that the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, the claim is without merit (see People v Moore, 140 AD3d [*2]1091, 1092).
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court