People v Sloane (2024 NY Slip Op 05460)

People v Sloane

2024 NY Slip Op 05460

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-01941
 (Ind. No. 70133/21)

[*1]The People of the State of New York, respondent,
v
Derek Sloane, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY, for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (Joseph J. Spofford, Jr., J.), rendered March 1, 2022, convicting him of criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Lopez, 71 NY2d 662, 665; People v Garcia, 221 AD3d 614, 614). Moreover, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Anderson, 223 AD3d 912; People v Gray, 217 AD3d 882). In any event, the record shows that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Garcia, 221 AD3d at 615; People v Headley, 197 AD3d 1329, 1330).
The defendant's contention that the County Court should have struck a certain statement in the presentence investigation report is without merit (see CPL 390.30; 9 NYCRR 350.5, 350.6[b], [c]; 350.7[b][3], [4]). Moreover, the court did not base the imposed sentence on any alleged error in the presentence investigation report (see People v McManus, 150 AD3d 762, 764; People v Dimmick, 53 AD3d 1113, 1113).
DILLON, J.P., CHAMBERS, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court