People v Ponce (2024 NY Slip Op 05598)

People v Ponce

2024 NY Slip Op 05598

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-01251
2022-09256
 (Ind. No. 2060/19, S.C.I. No. 1590/21)

[*1]The People of the State of New York, respondent,
v
Raul Ponce, appellant.

Leon H. Tracy, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Hilda Mortensen of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Nassau County (Helene F. Gugerty, J.), both rendered January 25, 2022, convicting him of murder in the second degree (two counts) under Indictment No. 2060/19, and manslaughter in the first degree (two counts) under Superior Court Information No. 159/22, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 254; People v Brown, 122 AD3d 133, 136).
Although the defendant's contention that his pleas of guilty were not knowingly, voluntarily, and intelligently entered survives his valid appeal waiver (see People v Smith, 193 AD3d 986, 986; People v Brown, 170 AD3d 878, 879), the defendant failed to preserve that contention for appellate review, since he did not move to withdraw his pleas or otherwise raise that issue before the Supreme Court prior to the imposition of the sentences (see People v Lopez, 71 NY2d 662, 665; People v Smith, 193 AD3d at 986). Moreover, the exception to the preservation requirement does not apply here, as the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crimes, or call into question the voluntariness of the pleas (see People v Lopez, 71 NY2d at 666; People v Defilippis, 210 AD3d 1004, 1004). In any event, the record shows that the defendant's pleas of guilty were knowingly, intelligently, and voluntarily entered (see People v Defilippis, 210 AD3d at 1004; see generally People v Conceicao, 26 NY3d 375, 382-384).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his pleas (see People v Grafton, ___ AD3d ____, ____, 2024 NY Slip Op 04568, *1 [2d Dept]; People v Augustine, 208 AD3d 678, 679). Further, by pleading guilty, the defendant forfeited any claims of ineffective assistance of counsel that did not directly involve the plea negotiation process (see People v Petgen, 55 NY2d 529, 534-535; People v Price, 203 AD3d 955; People v Buggsward, 138 AD3d 881, 882). To the extent that [*2]the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, and was not forfeited by his pleas of guilty, that contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on these direct appeals (see People v Cherry, 226 AD3d 822, 823; People v Rodriguez, 224 AD3d 783, 785).
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court