People v Morao (2025 NY Slip Op 03208)

People v Morao

2025 NY Slip Op 03208

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES MCCORMACK, JJ.

2022-08193
 (Ind. No. 70956/21)

[*1]The People of the State of New York, respondent,
v
Robert Morao, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel; Rebecca Siegel on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (E. Niki Warin, J.), imposed September 21, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the defendant's contention, under the totality of the circumstances, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Although much of the discussion of the waiver of the right to appeal occurred after the defendant admitted his guilt, the appeal waiver was mentioned as a condition of the plea bargain prior to the defendant's plea of guilty and admission of guilt. Thus, it cannot be said that the defendant "received no material benefit from his appeal waiver" or that the appeal waiver "was a gratuitous, after-the-fact additional demand asserted after the bargain had already been struck" (People v Sutton, 184 AD3d 236, 245; see People v Sobers, 235 AD3d 908, 909). Moreover, the Supreme Court did not mischaracterize the nature or scope of the waiver of the right to appeal (see People v Sobers, 235 AD3d at 909; People v Headley, 197 AD3d 1329, 1330), and the written waiver signed by the defendant adequately supplemented the oral colloquy (see People v Headley, 197 AD3d at 1330). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 253; People v Florio, 179 AD3d 834, 835).
IANNACCI, J.P., CHAMBERS, FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court