People v Prenaj (2025 NY Slip Op 03826)

People v Prenaj

2025 NY Slip Op 03826

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2017-04957
 (Ind. No. 241/16)

[*1]The People of the State of New York, respondent,
v
Jozef Prenaj, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Alexandra C. Krueger and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered April 20, 2017, convicting him of burglary in the second degree (three counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256; People v Batista, 167 AD3d 69, 76-78). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the factual sufficiency of the plea allocution (see People v Heath, 218 AD3d 693, 694; People v Headley, 197 AD3d 1329, 1330).
To the extent that the defendant contends that the factual insufficiency of the plea allocution rendered his plea involuntary and unintelligent, this contention survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Contreras, 170 AD3d 1034, 1035). However, the contention is unpreserved for appellate review, as the defendant did not move to withdraw his plea or otherwise raise this issue before the Supreme Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 663). The exception to the preservation requirement does not apply in this case because the defendant's plea allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666).
In any event, this contention is without merit. "[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime," and a plea allocution is sufficient if it "shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d 295, 301; see People v Javiel, 231 AD3d 967). Here, the record demonstrates that the defendant understood the charges and made a voluntary and intelligent decision to enter the plea.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court