People v Haddock (2025 NY Slip Op 03818)

People v Haddock

2025 NY Slip Op 03818

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2023-01792
 (Ind. No. 70272/19)

[*1]The People of the State of New York, respondent,
v
John Haddock, appellant.

Arza R. Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Monica M. C. Leiter and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered January 19, 2023, convicting him of failure to register or verify as a sex offender (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Peque, 22 NY3d 168, 182; People v Brown, 170 AD3d 878, 879), and an exception to the preservation rule is inapplicable in this case (see People v Anderson, 223 AD3d 912, 912; People v Gray, 217 AD3d 882, 882). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered.
The defendant's challenge to the imposition of an enhanced sentence is also unpreserved for appellate review because he did not object to the imposition of the enhanced sentence or move to withdraw his plea on this ground (see CPL 470.05[2]; People v Daniels, 189 AD3d 1261). In any event, the defendant's contention is without merit. The record demonstrates that the defendant did not appear for a presentence interview with the probation department, as required by the terms of his plea agreement. Under these circumstances, the Supreme Court was not bound by its original promise and its imposition of an enhanced sentence was proper (see People v Placencia, 203 AD3d 954, 955; People v Neilson, 167 AD3d 779, 781).
Moreover, the enhanced sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that his sentence constituted cruel and unusual punishment is unpreserved for appellate review (see CPL 470.05[2]; People v Pena, 28 NY3d 727, 730), and, in any event, without merit.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court