People v Porter (2025 NY Slip Op 05969)

People v Porter

2025 NY Slip Op 05969

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2021-06975

[*1]The People of the State of New York, respondent,
v
Morris Porter, appellant. (S.C.I. No. 451/21) 

Joseph Z. Amsel, New York, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Kevin C. King of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Angelo A. Delligatti, J.), rendered May 24, 2021, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's claim that he did not knowingly, intelligently, and voluntarily consent to virtual proceedings is unpreserved for appellate review (see People v Argueta, 233 AD3d 703, 703; People v Bonilla, 219 AD3d 1094, 1095). In any event, this contention is without merit, as the Supreme Court sufficiently obtained the defendant's consent to the virtual proceedings on the record.
Contrary to the defendant's contention, "where, as here, the defendant's waiver of indictment satisfied all of the requirements of the New York Constitution and CPL article 195, the waiver of indictment was valid" (People v Yunga, 122 AD3d 951, 951 [internal quotation marks omitted]; see People v Myers, 32 NY3d 18, 22).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Peque, 22 NY3d 168, 182; People v Brown, 170 AD3d 878, 879), and an exception to the preservation rule is inapplicable in this case (see People v Anderson, 223 AD3d 912; People v Kaye, 190 AD3d 767, 768). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered.
DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court