People v Sanzone (2025 NY Slip Op 07320)

People v Sanzone

2025 NY Slip Op 07320

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LILLIAN WAN
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2025-04838
 (Ind. No. 72503/23)

[*1]The People of the State of New York, respondent,
v
Antonino Sanzone, appellant.

Jillian S. Harrington, Staten Island, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Francine R. Michel and Judith R. Sternberg of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Christopher E. Hoefenkrieg, J.), rendered March 5, 2025, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Peque, 22 NY3d 168, 182; People v Brown, 170 AD3d 878, 879), and the exception to the preservation rule is inapplicable in this case because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Anderson, 223 AD3d 912, 912). Further, contrary to the defendant's contention, "this was not one of the rare cases where the defendant lacks a reasonable opportunity to object to a fundamental defect in the plea which is clear on the face of the record and to which the court's attention should have been instantly drawn, such that the salutary purpose of the preservation rule is . . . not jeopardized" (People v Kaye, 190 AD3d 767, 768 [internal quotation marks omitted]). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered.
GENOVESI, J.P., WAN, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court